[Cite as *Jayashree Restaurants, L.L.C. v. DDR PTC Outparcel L.L.C.*, 2016-Ohio-5498.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jayashree Restaurants, LLC, et al., | : | |
| Defendants-Appellants, | : | |
| v. | : | No. 16AP-186 |
| | | (C.P.C. No. 15CV-8004) |
| DDR PTC Outparcel LLC, | : | |
| | | (REGULAR CALENDAR) |
| Plaintiff-Appellee. | : | |

D E C I S I O N

Rendered on August 23, 2016

**On brief:** *Sanjay K. Bhatt*, for appellant. **Argued:** Sanjay K. Bhatt.

**On brief:** *McDonald Hopkins LLC., Matthew R. Rechner* and *Joseph M. Muska*; *Jason R. Harley*, for appellee. **Argued:** *Joseph M. Muska*.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendants-appellants, Jayashree Restaurants, LLC., et al. ("Jayashree"), appeal the judgment of the Franklin County Court of Common Pleas which granted plaintiff-appellee's, DDR PTC Outparcel LLC ("DDR"), motion for summary judgment. For the following reasons, we reverse the judgment and remand the case to the trial court.

{¶ 2} Jayashree brings two assignments of error for our consideration:

[I.] The trial court erred in granting Appellee's Motion for Summary Judgment as it relates to the award of damages in the specific amount of $575,189.21.

[II.] The trial court erred in granting specific damages to Appellee, given that Appellee did not provide any evidence or testimony regarding any efforts to mitigate its damages.

## Facts and Case History

{¶ 3}   On September 19, 2013, DDR, as landlord, entered into a written commercial lease for five years with Jayashree for a premises located at the Polaris Town Center, in Columbus, Ohio, to open and operate a restaurant.  The remaining appellants were individual guarantors of the lease agreement.  In July 2015, Jayashree closed the subject restaurant at which point DDR took possession of the property after sending notice of Jayashree's default on the lease.

{¶ 4}   On September 11, 2015, DDR filed a complaint to recover damages resulting from the breach of the lease.  Jayashree filed an answer to the complaint and DDR proceeded to file a motion for summary judgment on December 14, 2015.  DDR filed a memorandum, an affidavit, and exhibits to support its motion.  Jayashree filed a memorandum in opposition but did not file any evidence in opposition to the motion. DDR filed a reply memorandum in support.

{¶ 5}   On February 12, 2016, the trial court granted the motion for summary judgment finding no genuine issue exists as to any material fact and that DDR is entitled to judgment as a matter of law.  Judgment was rendered against Jayashree in the amount of $575,189.21 plus interest and court costs.  On Monday, March 14, 2016, Jayashree filed a timely appeal as the last day of the 30-day time period to file an appeal fell on a Sunday.

## Standard of Review

{¶ 6}   Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

> [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion * * *.

{¶ 7}    Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party.  *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978).  "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim."  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  Once the moving party meets its initial burden, the non-moving party must then produce competent evidence showing that there is a genuine issue for trial.  *Id.* at 293.

{¶ 8}    When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶ 9}    Civ.R. 56(E).   Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party.  *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 10}  In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law.  *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340 (1993). When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions.  *Id.*

{¶ 11} De novo review is well established as the standard of review for summary judgment.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  We stand in the shoes of the trial court and conduct an independent review of the record applying the

same summary judgment standard. As such, we must affirm the trial court's judgment if any of the grounds raised by the moving party, at the trial court's level, are found to support it, even if the trial court failed to consider those grounds. *See Dresher*; *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

## Assignments of Error

{¶ 12} The first assignment of error argues that trial court improperly granted DDR's summary judgment motion as it relates to the specific amount of $575,189.21 in damages. Jayashree first argues that DDR failed to provide adequate proof of the damage amount.

{¶ 13} "It is axiomatic that every plaintiff bears the burden of proving the nature and extent of his damages in order to be entitled to compensation." *Akro-Plastic v. Drake Industries*, 115 Ohio App.3d 221, 226 (11th Dist.1996), citing *Columbus Fin., Inc. v. Howard*, 42 Ohio St.2d 178, 184 (1975). Damages that result from an alleged wrong must be shown with reasonable certainty, and a party cannot base them on mere speculation or conjecture, regardless of whether the action is in contract or tort. *Wagenheim v. Alexander Grant & Co.*, 19 Ohio App.3d 7, 17 (10th Dist.1983), citing *Rhodes v. Baird*, 16 Ohio St. 573 (1866); Prater v. Bui, 10th Dist. No. 10AP-990, 2011-Ohio-2876, ¶ 12.

{¶ 14} The amount of damages in civil cases may be a reasonable estimate but must be proven with certainty. *TJX Cos. v. Hall*, 183 Ohio App.3d 236, 2009-Ohio-3372, ¶ 32 (8th Dist.2009). "Damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient if a reasonable basis of computation is afforded, although the result be only approximate." Eastman Kodak Co. v. S. Photo Materials Co., 273 U.S. 359, 379 (1927).

{¶ 15} In our prior cases, we have considered many factors in whether a plaintiff has proved damages in a commercial lease. *See*, for instance, *Prater* at ¶ 13 (the amount of rent, when the premises was vacated, whether the premises was relet, and what proof was there of valued property, all weighed on the decision).

{¶ 16} DDR must prove the nature and extent of its damages. Such damages must be shown with reasonable certainty (though they can be reasonable estimates), but cannot be based on mere speculation or conjecture.

{¶ 17} The lease was entered into on September 2013 with the rent commencement date estimated to be January 15, 2014. (Lease Article I (C), Section 2.) The lease term was set for five years, with monthly rent in the first two years being $9,847.75 per month, with $10,444.58 per month for years three and four, and $10,743.00 per month in year five. (Lease Article I (D).) Jayashree was also responsible for a common area maintenance charge and the tenant proportionate share of all real estate taxes which were estimated to be $9,847.75 per year. (Lease Article I (E) and (H).) DDR indicated in its July 14, 2015 notice of default that the five year expiration of the lease is June 30, 2019.

{¶ 18} Jayashree closed on or about July 13, 2015. As of August 28, 2015, DDR claimed that Jayashree had delinquencies of $38,447.99 on the tenant's account.

{¶ 19} In their December 14, 2015 motion for summary judgment, DDR's assistant general counsel of litigation and operation stated in her affidavit that, as a result of Jayashree's breach of the lease, DDR is owed "monetary damages, including unpaid rent, future/accelerated rent, and associated charges permitted under the Lease in the current amount of $575,189.21." (Weiss Aff. at ¶ 13.)

{¶ 20} DDR's summary judgment motion is supported by evidence of an affidavit, the lease, and various letters of default. However, critical information is missing for the calculation of damages such as whether the premises has been relet. In the event of a default by Jayashree, DDR shall have the right to "enter upon the Premises and relet the Premises in Landlord's name for the remainder of the Term upon terms and conditions reasonably acceptable to Landlord and recover from Tenant any deficiency for the balance of the Term, plus expenses of reletting." (Lease Article XVI, Default by Tenant.) Further, "Landlord shall use commercially reasonable efforts to mitigate damages suffered by Landlord arising from the default by Tenant of any of its obligations under the terms of this Lease." (Lease Article XVI.)

{¶ 21} It is clear that under the lease, DDR is required to make reasonable efforts to relet the space to mitigate the damages caused by Jayashree's actions. The record before the trial court simply did not state whether the space had been relet or not. Without this information no court can be reasonably certain what the damages are. DDR is not entitled to receive damages it has not incurred because the premises was relet in accord with the terms of the lease.

{¶ 22} DDR claims that damages amount to what we can only speculate to be all monies owed under the lease for the full term ending in June 2019. While DDR must not wait until the termination of the lease to seek damages, it is required to prove the extent of the damages. As noted above, whether the location has been relet is a vital piece of information that the lease itself takes into consideration. DDR is under an affirmative responsibility to act and take reasonable efforts to mitigate the damage. Without even a scintilla of evidence of what those efforts were or whether the space has been relet, any award of damages in this case would be speculative.

{¶ 23} The first assignment of error is sustained. Our findings as to the first assignment of error renders the second assignment of error moot. The judgment of the common pleas court is reversed as to damages. The case is remanded to the Franklin County Court of Common Pleas for further appropriate proceedings on the issue of damages.

*Judgment reversed and remanded*
*for further proceedings.*

HORTON, J., concurs.
SADLER, J., concurs separately.

SADLER, J., concurring separately.

{¶ 24} While I agree with the ultimate result of this appeal, I write separately to emphasize that I believe the language of this particular lease controls the outcome and that this opinion does not change established law regarding the burden of proof for mitigation of damages.

{¶ 25} It is well-established that, as an affirmative defense, the burden of proving mitigation of damages generally rests with the lessee. *Frenchtown Square Partnership v.*

*Lemstone, Inc.*, 99 Ohio St.3d 254, 2003-Ohio-3648, ¶ 21; *Feller, LLC v. Wagner*, 10th Dist. No. 11AP-759, 2012-Ohio-5972, ¶ 34. As such, when faced with a lessor's properly supported motion for summary judgment, the lessee must respond with evidence creating a genuine issue of material fact. *Flower v. Hall*, 6th Dist. No. S-13-033, 2014-Ohio-1671, ¶ 14-15. *See also Feller* at ¶ 34, 37. Generally speaking, the lessor does not bear the initial burden of addressing the lessee's affirmative defenses. *Flower* at ¶ 14, quoting *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 23-24.

{¶ 26} However, here, I believe the lease requires the lessor to establish the amount of any deficiency after re-let in order to recover for balance of the term of the lease. Considering the express terms of the contract, I believe appellee did not demonstrate either the absence of a genuine issue of fact or that they are entitled to the stated amount as a matter of law. Accordingly, I would determine that appellee did not satisfy its initial burden on summary judgment based on the language of the particular lease at hand. Because the majority does not constrain its opinion to the language of the lease and appears to place the burden of proof of mitigation on lessors generally, I respectfully concur separately.

_____