[Cite as *McGlumphy v. Cty. Fire Protection Inc.*, 2016-Ohio-8114.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

SHARON McGLUMPHY,                    :        **O P I N I O N**

　　　　Plaintiff-Appellant,        :

- vs -                               :        **CASE NO.  2016-P-0012**

COUNTY FIRE PROTECTION INC., et al.,  :

　　　　Defendants-Appellees.       :

Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2014 CV 00731.

Judgment: Affirmed.

*Michael J. Elliott*, Scanlon & Elliott, 159 South Main Street, Suite 400, Akron, OH 44308 (For Plaintiff-Appellant).

*Matthew W. Onest*, *Michael J. Bogdan*, and *John A. Burnworth*, Krugliak, Wilkins, Griffiths & Dougherty Co., LPA, 4775 Munson Street, N.W., P.O. Box 36963, Canton, OH 44718 (For Defendants-Appellees).

TIMOTHY P. CANNON, J.

{¶1}　Appellant, Sharon McGlumphy, appeals from the February 8, 2016 entry of the Portage County Court of Common Pleas, which granted summary judgment in favor of appellees, County Fire Protection Inc. ("CFP") and Lori Ann Crowe, CFP's human resources manager, on claims of age discrimination and spoliation of evidence. For the following reasons, we affirm.

## Substantive Facts and Procedural History

{¶2} Appellant was hired in 2003 by CFP's president and owner, John Lubinski, to perform general office and secretarial duties in an administrative position. In 2008, appellant was promoted to Office Manager; whether she actually acquired management authority is disputed. She did supervise an administrative assistant when such position was filled.

{¶3} In 2009, CFP hired Michael Harrison as its Operations Manager with the goal of evaluating the need for, and implementing, operational changes. Harrison testified in his deposition that most of his inquiries to appellant in this regard went unanswered. Lubinski testified in his deposition that appellant refused to implement any operational changes that Harrison formulated.

{¶4} Lubinski testified in his deposition that he had become frustrated with appellant's multiple invoicing errors and addressed these issues in her 2011 and 2012 annual reviews. Appellant acknowledged, in her deposition, that Lubinski had warned her about these errors on multiple occasions. In 2013, Krystal Pfeiffer, who was in her late 20s, was hired to assist appellant with invoicing duties. Ms. Pfeiffer was eventually promoted to Regional Account Coordinator. By the end of 2013, all of appellant's invoicing duties had been reassigned.

{¶5} Also in 2013, Lori Ann Crowe was hired as CFP's Human Resources Manager. Ms. Crowe became appellant's supervisor and changed appellant's job title to Office Administrator. The human resources duties were turned over from appellant to Crowe. Crowe testified in her deposition that appellant displayed a poor attitude with regard to Crowe and her supervisory role.

**{¶6}** In January 2014, Crowe conducted the annual review of appellant's job performance. Appellant was told CFP had issues with her performance and her attitude. Appellant acknowledged in her deposition that she had double billed clients on at least five occasions; failed to properly reimburse employees' cell phone expenses; failed to pay employees' commissions; and failed to timely pay CFP's recurring bills. Crowe testified in her deposition that she had also received complaints from CFP employees and customers regarding appellant's attitude. Lubinski also testified that he had received complaints from fellow employees about appellant's poor attitude.

**{¶7}** A few weeks prior to appellant's discharge, CFP hired Karyn Reiheld to assist appellant; she eventually took over some of appellant's remaining job duties.

**{¶8}** On March 29, 2014, appellant was terminated by John Lubinski, on behalf of CFP, due to poor performance and poor attitude. Lubinski testified in his deposition that appellant had not improved in the 60 days since her annual review. Just days before her termination, appellant improperly booked hotel accommodations for several employees on a business trip, which she failed to correct. Lubinski testified this is what ultimately led to appellant's termination. Appellant was 69 years old.

**{¶9}** Appellant filed a federal claim of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), which she later dismissed.

**{¶10}** On September 10, 2014, appellant commenced the instant lawsuit against CFP in the Portage County Court of Common Pleas, alleging age discrimination, disability discrimination, and retaliation. Appellant filed an amended complaint, which added Crowe as a defendant and added a spoliation of evidence claim. The parties submitted written discovery and conducted depositions in the matter.

3

{¶11} On November 13, 2015, appellees filed a motion for summary judgment. Appellant subsequently dismissed her claims for disability discrimination and retaliation and filed a brief in opposition on the remaining claims. Appellees filed a reply in support of their motion. On February 8, 2016, the trial court granted the summary judgment motion in favor of appellees on the claims of age discrimination and spoliation of evidence.

{¶12} Appellant raises five assignments of error for our review:

> [1.] The trial court erred by adopting verbatim Appellees' proposed merit decision in derogation of the Civ.R. 56(C) standard of review requiring the evidence be construed most strongly in the favor of the non-movant.
>
> [2.] The trial court erred in granting the motion for summary judgment based upon its finding that Sharon McGlumphy was not qualified for her position.
>
> [3.] The trial court erred in finding that Appellant was not replaced by individuals substantially younger than herself.
>
> [4.] The trial court erred when it determined that Appellant was terminated for legitimate, non-discriminatory reasons.
>
> [5.] The trial court erred in finding that Appellant had not put forth sufficient evidence to overcome summary judgment on the claim of spoliation of evidence.

**Summary Judgment Standard**

{¶13} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.'" *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶40. Summary judgment is proper when

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most

> strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court [e.g., pleadings, depositions, answers to interrogatories, etc.] which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996), citing Civ.R. 56(C) and *Celotex Corp v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party satisfies this burden, the nonmoving party has the burden to provide evidence demonstrating a genuine issue of material fact, pursuant to Civ.R. 56(E). *Id.* at 293.

> When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. Rather, all doubts and questions must be resolved in the non-moving party's favor. Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn.

*McCarthy v. Lordstown*, 11th Dist. Trumbull No. 2014-T-0050, 2015-Ohio-955, ¶7, citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980); *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992); and *Pierson v. Norfork Southern Corp.*, 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36.

{¶14} On appeal, we review a trial court's entry of summary judgment de novo, i.e., "independently and without deference to the trial court's determination." *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted); *see also Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**Age Discrimination**

{¶15} Appellant's second, third, and fourth assignments of error all relate to the grant of summary judgment against her on the claim of age discrimination. Appellant argues the trial court erred in granting summary judgment in favor of appellees because it erroneously found that appellant did not establish a prima facie case of discrimination and because it erroneously found that appellees did establish a legitimate, non-discriminatory reason for her termination.

{¶16} Appellant's age discrimination claim is brought pursuant to R.C. 4112.02(A), which states, in pertinent part, that it is "an unlawful discriminatory practice * * * [f]or any employer, because of the [age] of any person, to discharge without just cause[.]" Ohio courts examine state employment discrimination claims under federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000 et seq., Title 42, U.S. Code. *See Coryell v. Bank One Trust Co.*, 101 Ohio St.3d 175, 179 (2004); *see also Hunt v. Trumbull Community Action Program*, 11th Dist. Trumbull No. 2005-T-0036, 2006-Ohio-1698, ¶21, citing *Barker v. Scovill, Inc.*, 6 Ohio St.3d 146, 147 (1983).

{¶17} An employee may establish a prima facie case of age-based wrongful discharge by one of two methods. "Regardless of the method utilized, the plaintiff at all times bears the burden of proof." *Miller v. Potash Corp. of Saskatchewan, Inc.*, 3d Dist. Allen No. 1-09-58, 2010-Ohio-4291, ¶18, citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993) and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

{¶18} A prima facie case can, naturally, be established with direct evidence that the termination was motivated by age. *See, e.g.*, *Kohmescher v. Kroger Co.*, 61 Ohio

St.3d 501, 506 (1991). However, "[b]ecause discriminatory intent is seldom evidenced by overt actions and direct evidence, plaintiffs are more likely to [utilize] the *McDonnell Douglas* evidentiary framework to establish a prima facie case." *Miller*, *supra*, at ¶19, citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

{¶19} Under the *McDonnell Douglas* framework, the plaintiff must first raise a presumption of discrimination by establishing that (1) the employee was a member of a statutorily-protected class; (2) the employee was discharged; (3) the employee was qualified for the position; and (4) the employee's discharge permitted the employer to retain or hire a "substantially younger" person. *Coryell*, *supra*, at ¶20, modifying *Barker*, *supra*, at ¶20, citing *McDonnell Douglas*, *supra*. The employer "may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for [the employee's] discharge." *Kohmescher*, *supra*, at 503; *see also Allen v. totes/Isotoner Corp.*, 123 Ohio St.3d 216, 2009-Ohio-4231, ¶4 (citations omitted). "Finally, plaintiff must be allowed to show that the rationale set forth by defendant was only a pretext for unlawful discrimination." *Barker*, *supra*, at paragraph one of the syllabus.

{¶20} "In a motion for summary judgment, *McDonnell Douglas*' shifting evidentiary burdens are affirmative for both the movant and the non-movant." *Berenda v. Buzek, Kiplinger & Assoc.*, 8th Dist. Cuyahoga No. 79357, 2002 Ohio App. LEXIS 121, *4 (Jan. 17, 2002), citing *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 666 (6th Cir.1999) and *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 255 (1981). The moving parties must either demonstrate the absence of a genuine issue of material fact as to at least one element of a prima facie case of age-based wrongful discharge or

7

provide a legally sufficient explanation for the termination.  If they do so, the burden then shifts to the non-moving party to either demonstrate the existence of a genuine issue of material fact as to the challenged element(s) of the prima facie case or to establish that the proffered nondiscriminatory explanation was pretextual.

{¶21} Appellant has admitted that she does not have direct evidence of appellees' discriminatory intent; we thus analyze her claim under the *McDonnell Douglas* framework.  There is no dispute that appellant was a member of a protected class, *see* R.C. 4112.14(B), or that she was discharged from her position with CFP.  In their motion for summary judgment, appellees contend there are no genuine issues of material fact as to whether appellant was qualified for the position from which she was discharged or whether they retained or replaced appellant with a "substantially younger" person.  Alternatively, appellees assert appellant was legally discharged as a result of poor performance and a poor attitude.  Appellant responds that genuine issues of material fact do exist as to both of the challenged elements and contends the proffered reason for her termination was pretextual.

{¶22} We first address the parties' dispute regarding the law on the issue of whether appellant was "qualified" for the position from which she was terminated. Appellant argues the trial court erred by applying a subjective standard when determining whether appellant was "qualified" for the position as opposed to the proper objective standard.  Specifically, appellant asserts the trial court inappropriately considered the reasons for her termination when it determined she was not qualified. Appellees respond that appellant was no longer qualified for her position because she was not meeting legitimate expectations of work accuracy and work attitude; they assert

the trial court was permitted to consider appellant's past work performance anywhere from the date of hire up until the date of the occurrence that gave rise to appellant's termination.

{¶23} We agree with appellant that the inquiry into her qualification must be an objective one. In order to survive summary judgment on this element, a plaintiff must present "credible evidence that his or her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 575-576 (6th Cir.2003). "Although the specific qualifications will vary depending on the job in question, the inquiry should focus on criteria such as the plaintiff's education, experience in the relevant industry, and demonstrated possession of the required general skills." *Id.* at 576.

{¶24} We also agree with appellees that possessing the "required general skills" refers not only to capability of performing the work but also to meeting the employer's legitimate expectations while doing so. In other words, the plaintiff's performance must be "up to the standard that the employer is entitled to expect from an employee at that experience and responsibility level." *Neubauer v. A.M. McGregor Home Corp.*, 8th Dist. Cuyahoga No. 65579, 1994 Ohio App. LEXIS 2153, *11 (May 19, 1994); *see also Landon v. ABB Automation, Inc.*, 11th Dist. Lake No. 2001-L-154, 2002-Ohio-3376, ¶15 (citations omitted) ("In order to demonstrate qualification for a position, a plaintiff must show he or she has the capability of performing the work and that he or she is meeting the employer's legitimate expectations.").

{¶25} However, "when assessing whether a plaintiff has met her employer's legitimate expectations at the prima facie stage of a termination case, a court must

9

examine plaintiff's evidence independent of the nondiscriminatory reason 'produced' by the defense as its reason for terminating plaintiff." *Cline*, *supra*, at 660-661; *see also Pattison v. W.W. Grainger, Inc.*, 8th Dist. Cuyahoga No. 93648, 2010-Ohio-2484, ¶28. "This is true even if that 'production' evidence happens to show that, in the employer's view, the plaintiff was not meeting its legitimate expectations for the position at issue." *Id.* at 661, citing *USPS Bd. of Governors v. Aikens*, 460 U.S. 711, 713-716 (1983). "While a plaintiff may very well lose on summary judgment because she fails to proffer evidence on [the] 'ultimate issue,' a court misapplies the structure of *McDonnell Douglas* by holding that she fails at the prima facie stage due to defendant's nondiscriminatory reason." *Id.* "[T]his determination will often involve assessing whether the plaintiff was meeting the employer's expectations *prior to* the onset of the events that the employer cites as its reason for the termination[.]" *Id.* at 663 (emphasis sic).

{¶26} Here, the trial court considered the documented deficiencies in appellant's job performance when it determined appellant was not qualified for the position. Because these deficiencies are also what appellees rely on as their nondiscriminatory reason for terminating appellant, the trial court's determination was erroneous.

{¶27} We do not find it necessary, however, to determine on appeal whether appellant established a genuine issue of material fact as to her qualification or, for that matter, as to whether her discharge allowed appellees to retain or replace her with three "substantially younger" people. Assuming, without deciding, that appellant established a prima facie case sufficient to raise a presumption of discrimination, we hold that summary judgment in favor of appellees was still appropriate. Appellees submitted evidentiary material sufficient to show a legitimate nondiscriminatory basis for

10

termination and shifted the burden to appellant. Appellant did not present any evidence that created a genuine issue regarding whether this reason was pretextual. The evidence we have outlined above only supports the conclusion that appellees discharged appellant because of her poor performance and her poor attitude, not because of her age.

{¶28} As a result, appellant's fourth assignment of error is without merit; the error under appellant's second assignment of error is harmless; and appellant's third assignment of error is moot.

## Spoliation of Evidence

{¶29} Appellant's fifth assignment of error relates to the grant of summary judgment against her on the claim of spoliation of evidence. Appellant's claim is based on her January 2014 performance review. She alleges appellees altered the electronic version of the Performance Review, a copy of which had been given to appellant, immediately following the review meeting so as to support appellees' claim that appellant was terminated for poor work performance. It is undisputed that the copy given to appellant at her review meeting is different than the copy appellees submitted during discovery. In support of their motion for summary judgment, appellees presented evidence that the version of the performance review provided during discovery was the Initial Draft of the Performance Review. Prior to the review meeting, however, appellees had edited the Initial Draft because it was deemed to be "too harsh." Crowe gave deposition testimony that the Performance Review, i.e. the edited version, was printed for use during the review meeting. After giving a copy of the Performance Review to appellant, Crowe inadvertently retained only the saved electronic version of

the Initial Draft. Thus, during discovery, appellant submitted the Performance Review and appellees submitted the Initial Draft.

{¶30} A claim for spoliation of evidence requires proof of the following: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts[.]" *Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 29 (1993); *see also Drawl v. Cornicelli*, 124 Ohio App.3d 562, 568 (11th Dist.1997) (in short, the claim "requires a showing of a willful (*i.e.*, wrongful) destruction, alteration or concealment of evidence").

{¶31} The trial court held appellant had not met her evidentiary burden to overcome summary judgment with regard to the third, fourth, and fifth elements of her claim. Specifically, the trial court stated there is no evidence of any of the following: that the Performance Review, i.e. the edited version, was altered subsequent to the review meeting; that any alleged alterations were made with the intent to disrupt appellant's case; that appellant's litigation efforts were in fact disrupted by the fact that two versions of the review exist; or that appellant suffered damages as a result of the existence of two versions.

{¶32} We agree. First, appellant acknowledges she was in possession of both the Performance Review and the Initial Draft during the early stages of litigation, which negates an argument that her case was disrupted or that any evidence was destroyed or concealed. Further, appellant did not present any evidence to support her belief that the Performance Review was altered subsequent to the review meeting in preparation

12

for litigation. Finally, appellant did not present any evidence of a willful act; i.e., there is no evidence that any alleged altering act was conducted with "more than mere negligence or failure to conform to standards of practice." *Drawl*, *supra*, at 567. Consequently, appellant did not meet her summary judgment burden of production on this claim.

**{¶33}** Appellant's fifth assignment of error is without merit.

## Adopting a Proposed Merit Decision

**{¶34}** We conclude by addressing appellant's first assignment of error. She asserts the trial court erred when it adopted a final entry proposed by appellees and republished it as its own.

**{¶35}** First, we are unable to review this assignment of error on its merits as it relies upon matters outside of the record. We note that appellant moved this court to allow her to attach documents in support to her brief on appeal. This motion was denied, as the proposed documents were not part of the record on appeal. Appellant then moved this court for a pre-hearing, in camera review of these documents. Again, this motion was denied, as the proposed documents are not part of the record on appeal. At no point did appellant attempt to supplement the record on appeal, pursuant to App.R. 9(E). This court cannot review, in any way, documents that are not properly made part of the record on appeal.

**{¶36}** Second, appellant admits the parties were instructed to file proposed final entries on the motion for summary judgment. Assuming the trial court did adopt and republish an entry submitted by appellees, there is no prohibition against doing so. Pursuant to Civ.R. 52, for example, "'[a] trial court may adopt as its own a party's

13

proposed findings of fact and conclusions of law if it has thoroughly read the document to ensure that it is completely accurate in fact and law.'" *Mentor v. CSX Transp., Inc.*, 11th Dist. Lake Nos. 2003-L-099 & 2003-L-100, 2005-Ohio-3386, ¶41, quoting *Adkins v. Adkins*, 43 Ohio App.3d 95 (4th Dist.1988), paragraph three of the syllabus.

{¶37} Third, contrary to appellant's assertion, the trial court did not impermissibly weigh the evidence simply because it may have adopted a proposed entry. We have already conducted a de novo review of the summary judgment motion and held that the trial court reached the correct conclusion that reasonable minds could only find for appellees on appellant's claims for age discrimination and spoliation of evidence.

{¶38} Appellant's first assignment of error is without merit.

{¶39} The judgment of the Portage County Court of Common Pleas, granting summary judgment in favor of appellees, is hereby affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.