[Cite as *Estie Invest. Co. v. Braff*, 2018-Ohio-4378.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

ESTIE INVESTMENT CO.,        :      **O P I N I O N**
d.b.a. EDGEWOOD CLUB APARTMENTS,

                                         :

         Plaintiff-Appellee,

                                         :      **CASE NO. 2017-L-172**

       - vs -

                                         :

JOSHUA BRAFF,

                                         :

         Defendant-Appellant.

Civil Appeal from the Painesville Municipal Court, Case No. CVF 1600941.

Judgment:  Reversed and judgment entered for appellant.

*Michael C. Lucas*, Wiles and Richards, 37265 Euclid Avenue, Willoughby, OH  44094 (For Plaintiff-Appellee).

*Michael A. Heller*, Mike Heller Law Firm, 333 Babbitt Road, Suite 233, Euclid, OH  44123 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Joshua Braff, appeals the judgment finding him liable to appellee, Estie Investment Company, for damage to an apartment he leased.  Appellant argues he did not damage the apartment, and appellee's cost to repair evidence is insufficient.  We reverse and enter judgment for appellant.

{¶2}    Appellee is an Ohio corporation, owned by members of appellant's family, including his father, Robert Braff.  Appellee owns and manages the Edgewood Club

Apartments, a single-building complex located in Painesville, Ohio. The building has 27 apartments, nine on each of three floors.

{¶3} In February 2010, appellant signed a written lease for first floor apartment #106 with annual rent of $6,000, to be paid in installments. According to appellant, he and his father had a separate oral agreement under which he would pay "partial rent" and satisfy the remainder of his obligation by completing work inside his apartment and throughout the building. The lease has a clause requiring appellant to take "due care" of the apartment and provide notice of any necessary repairs.

{¶4} At trial, appellee did not present extensive evidence as to the condition of the apartment at the time appellant took possession in 2010. On the other hand, appellant testified that the apartment was filthy and unlivable when he first moved in, and that he cleaned the entire apartment.

{¶5} After appellant lived in the apartment for more than a year, all nine units on the first floor flooded due to a rain storm. Appellant testified that at the height of the flood, the water level in his apartment came up to his knees and that it took three days to pump out the water. After the flood, appellee installed new carpet on the entire first floor, including appellant's apartment, and removed all drywall saturated by the water and replaced it with paneling.

{¶6} Appellee hired Babic Construction to make the repairs to all nine first-floor units. The owner of the construction company, Dale Babic, testified that appellant's apartment was in good shape after the repairs were completed. However, appellant testified that some of the flood damage was never repaired, including damage to the bathroom walls, bathroom vanity, and kitchen walls. He further testified that some of the

2

problems existing when he first moved into the apartment were not remedied.

{¶7} In early 2016, appellant was evicted. Within two months of regaining possession of the apartment, appellee filed this action against appellant seeking damages in the amount of $7,320 for failure to adequately care for the premises.

{¶8} The case was tried to a magistrate. Dale Babic testified as to both the repairs completed after the flood and the repairs necessary in light of the damage caused after the flood repairs were completed. In response, appellant and his ex-wife testified concerning the general condition of the apartment through the years.

{¶9} At the close of trial, both parties submitted proposed findings of facts and conclusions of law. The magistrate adopted appellee's findings of fact and conclusions of law in its entirety and recommended judgment in favor of appellee in the amount of $7,320.

{¶10} Appellant's objections to the magistrate's decision focus primarily upon the credibility and insufficiency of Babic's testimony. Appellant argues that his testimony is too vague to establish the nature of the damages or that they are attributable to appellant. He also argues a failure of proof because Babic testified as to a global dollar amount of repairs, without specifying the amount of each individual repair.

{¶11} Appellee did not file a response. Nevertheless, after the trial transcript was submitted for review, the trial court overruled appellant's objections and entered judgment in appellee's favor for $7,320, plus interest.

{¶12} On appeal, appellant raises eight assignments of error:

{¶13} "[1.] The trial court erred by adopting [appellee's] findings of fact and conclusions of law.

{¶14} "[2.] The trial court erred in that appellee lacked sufficiency of the evidence.

{¶15} "[3.] The trial court erred in that the decision was against the manifest weight of the evidence.

{¶16} "[4.] The trial court erred in holding that the damages alleged were beyond 'normal wear and tear.'

{¶17} "[5.] The trial court erred as the appellee failed to meet [its] burden of proof that the damages alleged were caused by or allowed to be caused by appellant.

{¶18} "[6.] The trial court erred in that there were 11 alleged items that were allegedly damaged, wherein, the trial court's decision made a blanket finding as to all items in toto, even though there was different and independent testimony and evidence as to each of the 11 items, leading to a different factual and/or legal conclusion as to each item.

{¶19} "[7.] The trial court erred in that appellee failed to meet [its] burden of proof of damages. Appellee provided a broad overall total of alleged damages, and failed to identify which item(s) would cost how much.

{¶20} "[8.] The trial court erred in holding that [appellant] was liable for the replacement of the carpeting, because the party who was supposedly going to replace the carpet was not present to testify and did not submit a proposal or estimate. The trial court further erred by including the cost of the carpet into [appellee's] total estimated amount of damages, without knowing how much the cost of the carpeting was, nor knowing how much the other cost(s) of any of the other individual stuff was."

{¶21} Under his first assignment, appellant maintains that the verbatim adoption of appellee's findings of fact and conclusion of law is an abuse of discretion.

4

**{¶22}** "It is not per se error for a trial court to adopt, verbatim, a party's proposed findings of fact and conclusions of law. *Chardon Park, Inc. v. Great Lakes Crushing, Ltd.*, 11th Dist. Geauga No. 2003-G-2524, 2004-Ohio-7221, ¶39. Error can only be found in such a case when the findings of fact and/or conclusions of law adopted by the trial court are against the manifest weight of the evidence. *Id.*" *Gerston v. Parma VTA, L.L.C.*, 8th Dist. Cuyahoga No. 105572, 2018-Ohio-2185, ¶68. *See also McGlumphy v. Cty. Fire Protection, Inc.*, 2016-Ohio-8114, 74 N.E.3d 986, ¶36 (11th Dist.).

**{¶23}** Appellant's manifest weight arguments are presented elsewhere and will be addressed later. However, verbatim adoption, standing alone, does not constitute reversible error. Appellant's first assignment lacks merit.

**{¶24}** Under his second and fifth assignments, appellant contends that appellee failed to present sufficient evidence that he caused any damage due to the lack of evidence as to the apartment's condition before he took possession.

**{¶25}** "The landlord may only recover damages from the tenant for violations of R.C. 5321.05 or because of violations of the lease. R.C. 5321.05 identifies a lengthy list of obligations tenants owe landlords. Accordingly, tenants are liable for waste; however, they are generally not liable to landlords for damages attributed to ordinary wear and tear. If damage is not the type specified in R.C. 5321.05 or the lease, it will normally be considered ordinary wear and tear. See generally, White, Ohio Landlord Tenant Law (2001 Ed.) Section 7.5. Furthermore, * * * the landlord bears the burden of submitting sufficient evidence to link the damages to the tenant. *Cuzzort v. Rose* (Nov. 6, 1986), Montgomery App. No. CA9791, unreported." *Kelley v. Johnston*, 4th Dist. Gallia No. 01CA5, 2001 WL 1479243, *3 (Nov. 14, 2001).

5

**{¶26}** To establish the necessary link, the landlord must generally present evidence regarding the condition of the premises both before the tenant moves in and after he moves out. *Dupal v. Reindle*, 8th Dist. Cuyahoga No. 79413, 2002 WL 450128, *2 (Mar. 14, 2002). This burden is usually satisfied by the testimony of a witness with knowledge of the conditions, such as a landlord's testimony that the premises were in good condition at the outset of the tenancy and the tenant made no initial complaints. *Id.*; *Snyder v. Waldron*, 4th Dist. Athens No. 12CA9, 2013-Ohio-3416, ¶30.

**{¶27}** Appellant notes that neither of appellee's witnesses testified about the condition of the apartment at the outset. While true, in this case, that is not fatal. Babic testified that the apartment was in good condition after he completed the flood repairs. This constitutes some evidence that any problems with the premises before the flood had been remedied, thereby linking any post-flood damage to appellant.

**{¶28}** Furthermore, appellee presented evidence that the apartment sustained post-flood repair damage including animal feces on the carpet and black marks on the walls.

**{¶29}** As a separate argument under his second assignment, appellant contends that appellee's evidence is insufficient to establish the amount of damages because, instead of testifying as to the exact cost for each of the 11 repairs, Babic did not provide an itemized cost of repair for each, but rather estimated the total cost to repair. Given that this argument is also raised under appellant's seventh assignment, it will not be addressed here.

**{¶30}** As the trial court did not err in finding that the damages to the apartment were sustained after the flood repairs and during his occupancy, his second and fifth

6

assignments are without merit.

{¶31} Appellant's third assignment is framed in terms of a manifest weight challenge. The argument, however, raises another sufficiency question. He maintains that Dale Babic's testimony is insufficient to prove the exact nature of the damages for some of the needed repairs. He notes that when asked to specifically describe the damages necessitating the 11 repairs, Babic was unable to do so.

{¶32} "The Ohio Supreme Court has explained that '[t]he sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence.' *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, at paragraph two of the syllabus. '[S]ufficiency' has been defined as "a term of art meaning that legal standard which is applied to determine * * * whether the evidence is legally sufficient to support the [judgment] as matter of law." * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.' *Id.* at ¶11, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). 'When a defendant argues that the judgment in a civil case is supported by insufficient evidence, we must determine whether, viewing the evidence in the light most favorable to the plaintiff, a reasonable trier of fact could find in favor of the plaintiff.' *Lubanovich v. McGlocklin*, 9th Dist. Medina No. 12CA0090-M, 2014-Ohio-2459, 2014 WL 2567995, ¶8." *Baaron, Inc. v. Davidson*, 2015-Ohio-4217, 44 N.E.3d 1062, ¶13 (9th Dist.).

{¶33} As stated above, appellee sought to recover the estimated costs of either repairing or replacing 11 items in the apartment. In conjunction with Babic's testimony, appellee introduced an estimate Babic produced in viewing the apartment after appellant moved out in May 2016. The estimate lists the specific items to be repaired. Regarding

7

seven of the listed items, either Babic or Tim Rosian, the building manager, testified as to the nature of the damage each item sustained. For example, their testimony establishes that the carpeting was covered with stains, the refrigerator and stove were too filthy to clean, and the bathroom and kitchen vanities were damaged beyond repair.

{¶34} However, as to the remaining four items, i.e., the bedroom walls, replacement of doors, the light fixtures, and bathroom drywall, he failed to provide testimony identifying the nature of the damage. Babic could not remember the exact nature of the damage to the items, and instead provided his best guess as to the problem. Thus, Babic's testimony is legally insufficient to prove the nature of the damage of these four items sustained, i.e., damage caused by appellant or ordinary wear and tear. To this extent, appellee failed to satisfy all of the necessary elements for recovery based upon damages to a leasehold.

{¶35} Further, Babic only gave an estimate as to the total costs of the repairs/replacements. Except as to the cost of replacing the carpeting, he did not provide an itemized estimate for each individual repair. Accordingly, it is impossible to determine the amount appellee is entitled to recover for the seven items that it presented sufficient evidence to establish the nature of the damage.

{¶36} As a separate point under his third assignment, appellant asserts that the magistrate should have found Babic's entire testimony to be totally lacking in credibility because Babic was unable to remember many critical facts. While it is true that Babic could not recall the nature of the damages concerning four of the items in his estimate, the majority of his lapses related to the repairs his company made following the 2011 flood. Given that six years had elapsed since the 2011 events, the lapses in his memory

are understandable. Moreover, as to the remaining seven items in his estimate, Babic's testimony did not have any inherent inconsistencies and was in large part consistent with Rosian's testimony regarding the nature of the damages. Therefore, the magistrate did not err in believing Babic's testimony.

**{¶37}** To the extent that appellee did not present sufficient evidence to show the nature of the damages sustained to four of the listed items, appellant's third assignment has merit.

**{¶38}** Under his next assignment, appellant submits that the magistrate abused his discretion in believing Babic's and Rosian's testimony that the damage to the seven remaining items do not constitute ordinary wear and tear. He asserts their testimony should have been rejected because neither of them had any knowledge of the apartment's condition when appellant originally took possession in February 2010.

**{¶39}** As previously discussed, Babic testified that as a result of the repairs his company made after the 2011 flood, the apartment was in good condition at that point. In fact, Babic characterized the apartment as "perfect," thereby raising an inference that any prior problem with the apartment had been remedied. In addition, Babic's and Rosian's description of the damages, such as animal feces on the carpeting, is consistent with a finding that the new damage to the seven remaining items went beyond ordinary wear and tear. Thus, the magistrate did not err in relying upon their testimony. For this reason, appellant's fourth assignment is not well taken.

**{¶40}** Appellant's sixth and seventh assignments raise related issues, and thus, will be addressed together. He argues that appellee's evidence concerning the cost of repair is insufficient because Babic provided a global cost rather than an itemized cost of

9

each of the repairs. He further argues that the magistrate was required to make a separate finding on damages as to each item.

**{¶41}** A copy of Babic's original estimate was attached to appellee's complaint. This copy not only sets forth the total cost for repairing all damaged items in the apartment, i.e., $7320, but also provides the separate costs for each individual item. This, however, was not introduced or admitted. Before trial, Babic produced an amended estimate that was admitted. Although this estimate gives a more complete list of the damage and states the same total cost, it does not itemize the cost for any item. During direct examination, appellee's counsel asked Babic if he brought the breakdown of costs with him or whether he recalled the specific figures. Babic answered "no" to both queries, stating that he was only able to itemize that it would cost $2,500 to replace the carpet.

**{¶42}** "A plaintiff need only prove his or her damages with 'reasonable certainty.' *Kavalec v. Ohio Express, Inc.*, 2016-Ohio-5925, 71 N.E.3d 660, ¶37. '[M]athematical certainty' is not required so long as there is evidence upon which to make a 'reasonable estimate.' *Madfan, Inc. v. Makris*, 8th Dist. Cuyahoga No. 103655, 2016-Ohio-7395, 2016 WL 6139319, ¶45; *see also Jayashree Restaurants, L.L.C. v. DDR PTC Outparcel L.L.C.*, 10th Dist. Franklin No. 16AP-186, 2016-Ohio-5498, 2016 WL 4441870, ¶14 ('"Damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient if a reasonable basis of computation is afforded, although the result be only approximate."'), quoting *Eastman Kodak Co. v. S. Photo Materials Co.*, 273 U.S. 359, 379, 47 S.Ct. 400, 71 L.Ed 684 (1927). However, a damages award cannot be based on a mere 'guesstimate,' speculation or conjecture. *See, e.g., Kavalec* at ¶37." *Gibson v. Shephard*, 2017-Ohio-1157, 87 N.E.3d 846, ¶31 (8th Dist.).

10

**{¶43}** Appellant does not dispute this. Rather he argues that since there are 11 separate repairs, Babic's testimony was inadmissible because it did not set forth a breakdown of cost to repair each item.

**{¶44}** We need not address this specific argument due to our prior conclusion. Because some of the claimed damage contained within the global estimate are not recoverable, and appellee only produced a global cost to repair, it failed to provide a reasonable estimate of recoverable damages. As a result, appellant is entitled to judgment in his favor as to appellee's entire claim. His sixth and seventh assignments have merit.

**{¶45}** Appellant's last assignment raises another aspect of Babic's cost to repair testimony admitted over objection. As noted, Babic provided an itemized cost of replacing the carpeting. In stating that the cost would be $2,500, Babic testified he got that figure from an individual who appellee had previously hired to install new carpeting in other apartments. Appellant argues that this is inadmissible hearsay.

**{¶46}** Since Babic was quoting a statement of another person, the testimony in question is hearsay. Evid.R. 801(C). In presenting the testimony, appellee did not argue that it was admissible under any recognized hearsay exception. In relation to a written estimate, such a document is inadmissible under the business records exception, Evid.R. 803(6), and the person providing the estimate would have to be called as a witness so the opposing party could cross-examine him. *Mong v. Dotson*, 2d Dist. Darke No. 1173CA, 1987 WL 8029, *4 (Mar. 17, 1987).

**{¶47}** Here, Babic was paraphrasing a statement made by the carpet installer. As that statement is inadmissible hearsay, appellant's eighth assignment is also well

11

taken.

{¶48} The trial court's judgment is reversed and judgment is entered for appellant.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., concurs in part and dissents in part with a Dissenting Opinion.


_____


DIANE V. GRENDELL, J., concurs in part and dissents in part with a Dissenting Opinion.

{¶49} While I concur with the majority's determination that there was a lack of evidence to prove that four of the items of damage caused to the apartment were the result of anything other than ordinary wear and tear, I dissent as to the conclusion that this finding warrants reversal of the entire award of damages in favor of appellee. Since appellee presented an estimate showing the total cost of repairs resulting from eleven alleged items damaged by appellant, it would be entirely inequitable to disallow the *entire* award where it was proven that costs were expended to repair the remaining seven areas of damage proven to be appellant's fault.

{¶50} In the present matter, it is accurate that four out of the eleven items of alleged property damage were unproven by appellee, warranting reversal of damages related to those items. The majority concludes that since there was a "global estimate" provided showing only the total repair costs for all damages, both those proven to be caused by appellant and those resulting from normal wear and tear, it is "impossible to determine the amount appellee is entitled to recover." *Supra* at ¶ 37. It is important to

note, however, that "[d]amages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient if a reasonable basis of computation is afforded, although the result be only approximate." (Citations omitted.) *Gibson v. Shephard*, 2017-Ohio-1157, 87 N.E.3d 846, ¶ 31 (8th Dist.).

**{¶51}** The majority reverses the entire award of damages as the final judgment resolving this matter. The more appropriate and fair course of action would be to remand for the trial court to recalculate a proper damages award while excluding the four items that this court finds unsupported by evidence. The trial court, as the trier of fact, is in a better position to make a determination as to what award would be suitable in light of this court's reversal of its findings on only a portion of the items damaged. *McIntosh v. Willis*, 12th Dist. Butler No. CA2004-03-076, 2005-Ohio-1925, ¶ 17 (the lower court is in the best position to assess damages). A determination of damages without a remand would allow this court to essentially substitute its judgment for the lower court's. Here, appellee presented an estimate and accompanying testimony about the total amount expended on all alleged damages, the authenticity and validity of which this court has no reason to question. Reversing the trial court's entire damages award provides no recourse for appellee, although this court acknowledges appellant was responsible for causing extensive damages to appellee's apartment.

**{¶52}** A remand for recalculation has been ordered in various situations when the award is inconsistent with the record or is unsupported by the figures of damages presented at trial. *See James v. Sky Bank*, 11th Dist. Trumbull No. 2010-T-0116, 2012-Ohio-3883, ¶ 54-55, 61 (when, inter alia, the record lacked evidence to support the award rendered, the matter was remanded for recalculation of the damages award); *Arrow*

13

*Concrete Co. v. Sheppard*, 96 Ohio App.3d 747, 752-753, 645 N.E.2d 1310 (4th Dist.1994). The same analysis should apply here, where the appellee submitted evidence that was unquestionably sufficient to prove all of its claims together but the court's damages award is no longer appropriate given that some items of damage must be reversed. In this instance, a remand would allow for the proper entity, the trial court, to determine what an appropriate award of damages is for those items which this court has found were caused by appellant's failure to care for the premises. Ruling in this manner would ensure that this court maintains its role of providing justice and equity to all parties. To hold otherwise is tantamount to a finding that a party can demonstrate it is entitled to be compensated for work that was unquestionably performed and necessitated by the actions of the opposing party, but still receive no compensation.

{¶53} Since reversing the entire damages award in this matter results in an outcome that is unfair to appellee and does not achieve the ends of justice, I respectfully dissent from the decision to reverse the entire damages award rather than remand for a recalculation of damages.