[Cite as *In re M.A.S.*, 2019-Ohio-5190.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

IN THE MATTER OF: M.A.S. : **O P I N I O N**

:

: **CASE NO. 2019-P-0093**

:

:

Civil Appeal from the Portage County Court of Common Pleas, Juvenile Division, Case No. 2019 JCF 00449.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, *Kristin Maxwell* and *Brandon J. Wheeler*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Appellee, Portage County Department of Job and Family Services).

*Shubhra N. Agarwal*, 3732 Fishcreek Road, #288, Stow, OH 44224 (For Appellant, Shawn Synuria).

*Mate Rimac*, Rimac Law, LLC, 228 West Main Street, Ravenna, OH 44266 (Guardian ad Litem).

MATT LYNCH, J.

{¶1} Appellant, Shawn A. Synuria, appeals the termination of his parental rights with respect to the minor child, M.A.S. For the following reasons, we affirm the decision of the court below.

{¶2} On March 12, 2018, a Complaint was filed in the Portage County Juvenile Court alleging that M.A.S., dob 11/12/2007, was a neglected, dependent, and/or abused child as defined in Revised Code 2151.03(A), 2151.031, and 2151.04 respectively. The

Complaint further alleged that, on March 9, 2018, M.A.S. had been removed from the custody of his mother, Lisa M. Synuria, by order of the Ravenna Police Department. Synuria, M.A.S.'s father, was noted as "currently in Richland Correctional Institution."

{¶3} On April 17, 2018, M.A.S. was found to be dependent and committed to the interim pre-dispositional custody of the appellee, Portage County Department of Job and Family Services.

{¶4} On May 10, 2018, M.A.S. was placed in the temporary custody of Job and Family Services.[1]

{¶5} On June 19, 2019, Job and Family Services filed a Motion for Permanent Custody. The Motion alleged that Synuria failed to attend the adjudicatory hearing and had abandoned the child.

{¶6} On July 25, 2019, Synuria wrote a letter from jail, filed with the juvenile court, requesting an attorney and claiming that he was unaware that M.A.S. was in the custody of Job and Family Services. The court appointed counsel on the same day.

{¶7} On July 29, 2019, the hearing was held on the Motion for Permanent Custody. Counsel for Synuria moved for a continuance which the juvenile court denied. Kaleigh Wallace, a social worker, testified on behalf of Job and Family Services. Synuria testified on his own behalf. At the conclusion of the hearing, the guardian ad litem recommended that the Motion for Permanent Custody be granted.

{¶8} On August 12, 2019, the juvenile court issued a Journal Entry granting the Motion for Permanent Custody, thereby permanently divesting Synuria and Lisa of their

---

1. As noted in the brief of Job and Family Services, "Portage County Juvenile Court employs a two case number system to docket temporary proceedings regarding a child separately from permanent proceedings regarding the child." The underlying proceedings through the adjudicatory and dispositional orders bear the Case No. 2018 JCC 216. With the filing of the Motion for Permanent Custody, the proceedings acquired the Case No. 2019 JCF 449.

2

parental rights, privileges, and responsibilities with respect to M.A.S. The court made the following findings relevant to this appeal:

> 9.    M.A.S. has no relationship with his father who has been incarcerated most of M.A.S.'s life except for 4 or 5 month breaks between incarcerations.
>
> 10.    M.A.S. has been abandoned by his father with no support or contact in excess of 90 day periods.
>
> 11.    Father, Shawn Synuria, and mother, Lisa Synuria, have 3 other children that parental rights have been surrendered or lost.
>
> * * *
>
> 13.    Shawn Synuria has not completed any part of his case plan.
>
> * * *
>
> 22.    Mr. Shawn A. Synuria has a lengthy criminal record with numerous incarcerations. Mr. Synuria is presently incarcerated for two probation violations and Felony Drug Abuse charge. One of the probation violations is for walking out of a treatment facility.
>
> 23.    Mr. Synuria cannot provide M.A.S. with financial support or safe and stable housing. Mr. Synuria has a history of drug abuse and has not rectified his addiction. M.A.S. has no bond with his father. M.A.S. has had no visitation with his father in the last 2 years.
>
> * * *
>
> 30.    M.A.S. is 11 years old and has told the case worker and Guardian Ad-litem [sic] his wishes are to be reunited with his mother. He knows little of his father. M.A.S. knows his mother is incapable of providing for him now due to her personal issues with drugs and mental health.

{¶9} On August 26, 2019, Synuria filed a Notice of Appeal. Lisa is not a party to this appeal. On appeal, Synuria raises the following assignments of error:

{¶10} "[1.] The trial court committed reversible error in denying Father's motion for continuance."

3

{¶11} "[2.] The trial court committed reversible error and plain error in failing to appoint counsel for M.A.S."

{¶12} In the first assignment of error, Synuria challenges the denial of the motion for a continuance of the permanent custody hearing.

{¶13} Juvenile Rule 23 provides: "Continuances shall be granted only when imperative to secure fair treatment for the parties."

{¶14} "In evaluating a motion for a continuance, a court should note, *inter alia*: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *State v. Unger*, 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078 (1981).

{¶15} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." *Id.* at syllabus; *State ex rel. Buck v. McCabe*, 140 Ohio St. 535, 45 N.E.2d 763 (1942), paragraph one of the syllabus. "[A]n appellate court will not interfere with the exercise of this discretion unless the action of the court is plainly erroneous and constitutes a clear abuse of discretion." *Buck* at 538.

{¶16} Synuria argues that a continuance of the permanent custody hearing was necessary on account of counsel's "admitted lack of preparation for trial due to her recent appointment." Appellant's brief at 10. Counsel was appointed only four days before the scheduled hearing. The day following her appointment, a Friday, she met

4

with Synuria at the Summit County Jail and was advised that he was unaware that M.A.S. had been removed from Lisa's custody. She "indicated that she had not had a chance to look into service of the initial filing and where a case plan was served upon Father as Father had been incarcerated for the majority of this case." Appellant's brief at 5.

{¶17} The juvenile court's denial of the continuance was based on what it perceived was Synuria's lack of diligence in requesting counsel. Synuria was served with the Motion for Permanent Custody on July 9, 2019, when a copy was left at the Summit County Jail. Synuria's request for counsel was filed on July 25. Prior to denying the continuance, the court inquired at length with Synuria regarding his location during the pendency of the case. At the time the initial Complaint was filed on March 12, 2018, Synuria was incarcerated at the Richland Correctional Institution as indicated by the Complaint. Caseworker Wallace testified that Job and Family Services spoke with Synuria by phone on March 14, 2018, regarding M.A.S.'s removal. Synuria denies that he was ever contacted by Job and Family Services regarding the removal. Synuria was released on March 16, 2018, and remained at liberty until being arrested in July of that year. He was released in August and remained at liberty until December 2018. Synuria was released in January 2019, arrested again in April, released in May, arrested again in June and remained in jail in Summit County at the time of the permanent custody hearing. During the periods when Synuria was not incarcerated, he failed to make contact with M.A.S. or realize, assuming, arguendo, he was unaware of the removal, that Lisa did not have custody of his child.

{¶18} We find no abuse of discretion in the denial of the continuance. The

5

decision was not unreasonable. Accepting, as did the juvenile court, that Synuria was advised of the removal in March 2018, the delay in requesting counsel is wholly inexcusable. Synuria was aware of the nature of these proceedings, having had his parental rights terminated with respect to three other children by Lisa and the present case being the second one involving M.A.S. The court could have found Synuria culpable for the delay in requesting counsel inasmuch as, by Synuria's own testimony, he remained unaware of his son's removal during the sixteen months this case was pending prior to service of the Motion for Permanent Custody. R.C. 2151.011(C) ("a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days"). If Synuria was unaware of the proceedings until July 2019, the delay of two weeks in requesting counsel could also be considered dilatory in light of the fact that the hearing was less than three weeks away.

{¶19} Nor was the decision unduly prejudicial. The issues regarding service of the Complaint and Motion were examined at some length during the hearing and the court allowed the parties a week after the hearing to file closing arguments. If counsel believed service of the Complaint had been defective this argument could have been made before the lower court. *Unger*, 67 Ohio St.2d at 67, 423 N.E.2d 1078 ("[w]eighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice"); *In re Q.G.*, 170 Ohio App.3d 609, 2007-Ohio-1312, 868 N.E.2d 713, ¶ 12 (8th Dist.) ("a parent facing termination of parental rights must exhibit cooperation and must communicate * * * with the court in order to have standing to argue that due process

6

was not followed in a termination proceeding").

{¶20} The first assignment of error is without merit.

{¶21} In the second assignment of error, Synuria argues the juvenile court erred by failing to appoint counsel to represent M.A.S.

{¶22} "Pursuant to R.C. 2151.352 ["A child * * * is entitled to representation by legal counsel at all stages of the proceedings under" Chapter 2151], as clarified by Juv.R. 4(A) ["Every party shall have the right to be represented by counsel"] and Juv.R. 2(Y) ["'Party' means a child who is the subject of a juvenile court proceeding"], a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances." *In re Williams*, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110, syllabus. The decision whether it is necessary to appoint counsel for such a child should be made "on a case-by-case basis." *Id.* at ¶ 17. It has generally been held that counsel should be appointed when a child of sufficient maturity has "consistently and repeatedly expressed a strong desire that differs and is otherwise inconsistent with the guardian ad litem's recommendations" regarding custody. (Citation omitted.) *In re B.J.L.*, 2019-Ohio-555, 130 N.E.3d 906, ¶ 48 (4th Dist.); *In re J.M.*, 8th Dist. Cuyahoga No. 104028, 2016-Ohio-7306, ¶ 27.

{¶23} When the issue of appointment of counsel for a child in juvenile proceedings is not raised before the court, a plain error standard of review applies. *Id.* at ¶ 41 ("the Ohio Supreme Court has applied the plain-error rule to claims regarding the appointment of independent counsel for a child in a dependency proceeding"); *In re C.H.*, 11th Dist. Ashtabula No. 2018-A-0061, 2019-Ohio-4316, ¶ 24; *compare In re M.Z.*,

9th Dist. Lorain No. 11CA010104, 2012-Ohio-3194, ¶ 32 (noting that multiple courts have "held that the issue must be preserved for appellate review by bringing the issue to the attention of the trial court").

{¶24} Synuria cannot demonstrate plain error in the present case because M.A.S. has not expressed any desire to have a relationship with him and, therefore, there is no prejudice as a result of the failure to appoint counsel. Wallace testified as follows: "To the best of my knowledge Synuria has never had contact with [M.A.S.] since the start of this case. [M.A.S.] doesn't really talk about him other than when I try to ask questions about him so he doesn't have a relationship with him. I had asked [M.A.S.] about other family members. He doesn't really have any names for me, any relationships. He has just focused on his mom being kind of where he wants to go back to."[2]

{¶25} It has often been held that a parent lacks standing to raise the issue of appointment of counsel for a child when that child's wishes do not align with the parent's wishes regarding custody. *In re T.K.C.*, 4th Dist. Washington No. 13CA3, 2013-Ohio-3583, ¶ 14 ("a parent has standing to appeal an error committed against a child when the parent and the child seek the same outcome, *i.e.*, reunification of the family"); *In re S.S.*, 10th Dist. Franklin Nos. 12AP-322 and 12AP-323, 2012-Ohio-4794, ¶ 26 ("[p]arents have standing to appeal an error committed against their children only if the error is prejudicial to the parents' rights"); *In re N.G.*, 9th Dist. Lorain No. 12CA010143, 2012-Ohio-2825, ¶ 17 (in "[m]other's appeal of the termination of her own parental rights * * * she has standing to raise the issue of her children's right to counsel only insofar as

---

2. This court is cognizant that,"[i]n determining the best interest of a child * * *, the court shall consider * * * [t]he wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child." R.C. 2151.414(D)(1)(b).

it impacts her own parental rights") (citation omitted).  Here, the appointment of counsel to advocate for M.A.S.'s reunification with Lisa would have no bearing on the termination of Synuria's parental rights.

{¶26}  Synuria further argues that he was "precluded from cross-examining the guardian ad litem on the report and recommendations contained therein."  Appellant's brief at 13.  It should be noted that the guardian ad litem never filed a written report.  The guardian delivered his recommendation orally at the hearing and indicated to the juvenile court that a written report would be forthcoming although it was never filed.  The court did not invite the parties to cross-examine the guardian but neither did the parties express any desire to do so or otherwise object to the guardian delivering his recommendation without a written report.  Accordingly, the plain error standard applies.  *In re G.W.*, 8th Dist. Cuyahoga No. 107512, 2019-Ohio-1533, ¶ 58 (where the "[m]other did not object or otherwise raise the issue of the guardian ad litem's failure to file a written report * * * she has forfeited all but plain error").

{¶27}  Here again, Synuria cannot demonstrate prejudice necessary to sustain plain error.  He relies on the Ohio Supreme Court's decision in *In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, for the following proposition: "In a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have the right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation."  *Id.* at syllabus.  In the present case, the guardian's report was not a factor in the juvenile court's decision.  Rather, the guardian merely offered his recommendation at the hearing that Job and Family Services' Motion should be

granted. The guardian was available for cross-examination as to his recommendation and, in the absence of any indication that the parties were prevented from doing so, we will not presume prejudice in this situation. *Compare In re Ridenour*, 11th Dist. Lake Nos. 2003-L-146, 2003-L-147, and 2003-L-148, 2004-Ohio-1958, ¶ 28-29 (requiring a demonstration of prejudice where the guardian provides a custody recommendation at hearing but does not submit a written report at that time).

{¶28} The second assignment of error is without merit.

{¶29} For the foregoing reasons, the termination of Synuria's parental rights with respect to M.A.S. is affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.